[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 21, 1992 Date of Application August 21, 1992 Date of Application Filed August 21, 1992 Date of Decision February 23, 1993
Application for review of sentence imposed by the Superior Court Judicial District of Litchfield, at Litchfield. Docket No. CR 18-75380; CR 18-75579; CR 18-75267.
Carl Eisenman, For the Petitioner. CT Page 2973
Elizabeth Kielty, Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner entered pleas of nolo contendere to Criminal Mischief 2nd, in violation of Conn. Gen. Stat.53a-116(2)(1); Assault 2nd, in violation of Conn. Gen. Stat.53a-60(2)(3), Criminal Trespass 1st, in violation of Conn. Gen. Stat. 53a-107(1)(1) and Unlawful Restraint, in violation of Conn. Gen. Stat. 53a-95. He was sentenced to one year suspended on the Criminal Mischief charge, five years suspended after three and one half years on the unlawful restraint charge; five years suspended after three and one-half years on the assault second charge and one year suspended on the criminal trespass charge. All sentences were to be served consecutively for a total effective sentence of twelve years suspended after serving seven. The court also imposed stringent conditions on his period of probation.
The facts show that the petitioner went on what the prosecutor described as a "criminal rampage." His acts included destruction of property at a local bar while intoxicated; assaulting a victim with a ballpoint pen on the left side of his hand that required medical care, and loss of hearing in the left ear; dragging a victim out of a bar against her will and punching her in the face.
Counsel for the petitioner asked for a lesser sentence with the reduction impacting on his client's time being served. Pointing out to the Division that the petitioner had a minimal criminal record counsel argued for a reduction.
Counsel also offered a unique reason for a reduction of the petitioner's sentence stating that subsequent to the sentencing petitioner made himself, ready willing and able to testify on behalf of the state on what he knew in another criminal matter. Noting that he wasn't used as a witness counsel argued he should be given a break since he put himself in great jeopardy by his acts. Counsel asked the Division to CT Page 2974 consider the consequences to the petitioner if he is labeled "a snitch" within the draconian world of prison existence. Petitioner addressed the division stating his acts were justified because . . . [he] was in no situation I could have walked away from."
The attorney for the state felt the sentence is fair and should remain as is.
In reviewing the record we find a court sensitively trying to make the petitioner aware of the consequences of his acts and how he must change. Petitioner's remarks to the sentencing court and to the panel show he still doesn't understand why he is where he is. The court intelligently sentenced the petitioner in accordance with the facts admitted within the stated purpose of punishment, deterrence and rehabilitation.
Recognizing that a sentenced prisoner could face consequences from fellow inmate's for testifying on behalf of the state, nonetheless this panel is powerless to reduce a sentence for that reason. Foremost the issue arose subsequent to the court's sentencing and we have constantly stated on the record the function of "rewards" to conduct subsequent to sentencing is not the statutory charge of this division. we encourage cooperation by prisoners with the state, but note that it is up to the Parole Board to recognize and act upon.
The sentence of the court was appropriate and proportionate in accordance with P.B. 942. The sentence is affirmed.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J., Klaczak, J. participated in the decision. CT Page 2975